UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

KENNETH VARAS, an individual,

     Plaintiff,

v.

ARTEZA, INC., a Delaware Corporation,

     Defendant.
_____/

## **COMPLAINT**

1.     Plaintiff, KENNETH VARAS (hereinafter referred to as "Plaintiff" and "VARAS"), was an employee of Defendant, ARTEZA. INC., and brings this action against Defendant for alleged sex/gender discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.,* and the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq*., as well as for violations of the Equal Pay Act, 29 U.S.C. §206(d) *et seq*.

2.     At all times material to this Complaint, VARAS was a Male individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.     Defendant, ARTEZA. INC., a Delaware Corporation (referred to as "Defendant" and "ARTEZA"), has at all times material to this Complaint owned and operated an art supplies business with a corporate office at 1801 NE 123rd Street, Suite 400, North Miami Beach, Florida 33181 in Miami-Dade County.

4.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1343, and 1367.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Miami-Dade County, within the jurisdiction of

1

the United States District Court for the Southern District of Florida.

6.     In February 2021, ARTEZA hired VARAS as a Human Resources (HR) Generalist in its North Miami Beach, Florida office based upon a salary of $75,000 per year plus benefits.

7.     At all times material to this action, VARAS was an employee of Defendant, ARTEZA. INC., within the meaning of Title VII, 42 U.S.C. §2000e(f), the FCRA, F.S. §760.10(1)(a), and the EPA-FLSA, 29 U.S.C. §203(e).

8.     At all times material to this action, ARTEZA. INC. had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b) and F.S. §760.02(7).

9.     At all times material to this action, Defendant, ARTEZA. INC. was VARAS's employer within the meaning of Title VII, 42 U.S.C. §2000e(b), the FCRA, F.S. §760.02(7), and the EPA-FLSA, 29 U.S.C. §203(d).

10.    At all times material to this action, ARTEZA was an "enterprise" within the meaning of 29 U.S.C. §§203(s)(1)(B) and (s)(1)(C).

11.    More specifically, at all times material to this action including but not necessarily limited to during the years 2020, 2021, and 2022, ARTEZA had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including but not necessarily limited to during the years 2020, 2021, and 2022, ARTEZA employed two (2) or more employees who, *inter alia*, regularly handled and worked and/or sold goods and/or materials moved in or produced for commerce including, by way of example: (a) art supplies as

well as computers, copy machines, scanners, and telephones, all of which were goods and/or materials moved in or produced for commerce; (b) commercial office supplies—including but not limited to paper, pens, and UPS, and FedEx—that were goods and/or materials moved in or produced for commerce; and (c) regularly processed bank and/or other electronic transfers across State lines by and between multiple States and Florida.

12.     Based upon information and belief, the annual gross sales volume of ARTEZA has been in excess of $500,000.00 per annum at all times material to this action, including but not necessarily limited to during the years 2020, 2021, and 2022.

13.     At all times material to this Complaint including but not necessarily limited to during the years 2020, 2021, and 2022, ARTEZA was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s).

14.     When VARAS began working for ARTEZA in March 2021, Plaintiff reported to Heather Toro, ARTEZA's Director of Human Resources, Female.

15.     Between March 2021 and October 2021, VARAS satisfactorily performed his essential duties as HR Generalist for ARTEZA.

16.     In or around June 2021, ARTEZA hired Andrea Stanley, Female, as HR Manager based upon a salary of approximately $120,000 per year, and VARAS was required to train Ms. Stanley for her position with Defendant.

17.     Notably, during one or more weeks between approximately June 2021 and October 2021, ARTEZA paid similarly situated Female employees to VARAS, such as Andrea Stanley, based upon a salary of approximately $120,000 per year despite Plaintiff performing equal work to Ms. Stanley, the performance of which required equal skill, effort, and responsibility.

3

18.     Throughout VARAS's employment with ARTEZA between approximately June 2021 and October 2021, Andrea Stanley, a Female HR Manager for ARTEZ, performed substantially the same or similar duties to the duties Plaintiff performed for ARTEZA, but ARTEZA paid Ms. Stanley at a higher rate of pay than Defendant paid Plaintiff for performing essentially the same work.

19.     Subject to discovery, based upon VARAS being owed unpaid wages as a result of ARTEZA's unlawful gender discrimination against Plaintiff in violation of the EPA because he was a Male employee in the amount of approximately $865.38 per week during approximately Twenty (20) work weeks between June 2021 and October 2021—while ARTEZA paid Andrea Stanley, a Female HR employee, average gross weekly wages of approximately $2,307.69 per week in comparison to the average gross wages ARTEZA paid to VARAS in the amount of approximately $1,442.31 per week despite Plaintiff performing work which required equal skill, effort, and responsibility, VARAS's unpaid wages under the EPA total approximately $17,307.69 [$2,307.69 - $1,442.31 per week = $865.38 x 20 work weeks = $17,307.69].

20.     Based upon information and belief, the complete records of all of the wages paid by ARTEZA to VARAS and similarly situated Female employees between approximately June 2021 and October 2021 are in the possession, custody, and/or control of Defendant.

21.     In August 2021, Heather Toro resigned her employment with ARTEZA, which VARAS learned was upsetting to ARTEZA's Chief Financial Officer (CFO), Michael Pacifico, and ARTEZA's Chief Operating Officer (COO), Kenneth Hara, because no other Female employees were left in the company's Human Resources department besides Ms. Stanley.

22.     Around the time of Ms. Toro's resignation from ARTEZA, VARAS applied in approximately August 2021 to Michael Pacifico to become a Human Resources Business Partner

4

for ARTEZA, a position for which the salary was approximately $150,000 per year and for which VARAS was qualified, but ARTEZA rejected VARAS's application to become a Human Resources Business Partner with Defendant.

23.      Significantly, in or around August 2021, VARAS overheard both Michael Pacifico and Kenneth Hara each make disparaging statements about how they believed men should not be working in Human Resources for ARTEZA and that women should handle Human Resources jobs.

24.      As a result of Ms. Toro resigning her employment as ARTEZA's Director of Human Resources, between approximately late August 2021 and October 2021, VARAS absorbed and successfully carried out all of the essential Human Resources duties for ARTEZA that Ms. Toro previously handled.

25.      Despite VARAS's exemplary performance of his own duties and the additional responsibilities that had been performed by ARTEZA's previous, Female Director of Human Resources (Ms. Toro), on October 21, 2021, Andrea Stanley notified VARAS that ARTEZA was terminating VARAS's employment—but when Plaintiff questioned why he was being terminated when his performance had been satisfactory, Ms. Stanley had no answer for VARAS.

26.      Moreover, when VARAS pressed Ms. Stanley on October 21, 2021 about whether ARTEZA's upper management didn't want a Male employee in Human Resources, Ms. Stanley again had no answer but instead stated that there had been a problem with FedEx losing an order of telephones several months earlier which ARTEZA claimed was VARAS's fault.

27.      Shortly after VARAS was terminated, Plaintiff learned in approximately November 2021 that ARTEZA hired a Female employee as a Human Resources Business Partner even though VARAS was told by Ms. Stanley earlier in October 2021 prior to his

termination—when VARAS communicated to Ms. Stanley Plaintiff's renewed efforts to become a Human Resources Business Partner with ARTEZA, which efforts were rejected by ARTEZA a second time—that ARTEZA was not looking to hire a Human Resources Business Partner at all.

28.     ARTEZA's termination of VARAS's employment on October 21, 2021 was because (a) of a discriminatory animus against VARAS because of Plaintiff's sex/gender, Male; and (b) retaliation against VARAS because Plaintiff exercised his rights as a Male employee under the law to seek a promotion and equal pay for comparable work performed by one or more similarly situated Female employees of ARTEZA, including Andrea Stanley, all in violation of Title VII and the FCRA.

29.     The reasons proffered and/or relied upon y ARTEZA in October 2021 for the termination of VARAS's employment were (a) discriminatory because of Plaintiff's sex/gender, Male; and (b) retaliatory because VARAS exercised his rights as a Male employee under the law to seek a promotion and equal pay for comparable work performed by one or more similarly situated Female employees of ARTEZA, all in violation of Title VII and the FCRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30.     On November 11, 2021, VARAS dual filed a Charge of Discrimination against ARTEZA with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging sex/gender discrimination and retaliation in violation of Title VII and the FCRA, EEOC Charge No. 15C-2022-00034, which Charge is attached hereto as Exhibit A.

31.     On or around July 25, 2022, the EEOC issued a Notice of Right to Sue to VARAS on EEOC Charge No. 15C-2022-00034. See Exhibit B.

32.     This Complaint is being filed with the Court within Sixty-Seven (67) days of VARAS's receipt of the Notice of Right to Sue in connection with EEOC Charge No. 15C-2022-00034and Plaintiff has exhausted all administrative remedies on the claims pled in the Complaint.

33.     As of September 30, 2022, more than One Hundred and Eighty (180) days have passed since the filing of VARAS's Charge of Discrimination on November 11, 2021 and the FCHR did not issue any determination concerning VARAS's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," VARAS has exhausted all administrative remedies under Florida as well as Federal law.

34.     All conditions precedent to the institution of this action have either occurred or been waived.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION**

Plaintiff, KENNETH VARAS, reasserts and reaffirms the allegations of Paragraphs 1 through 34 as if fully set forth herein and further states that this is an action against ARTEZA. INC. for sex/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

35.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ...'' 42 U.S.C. §2000e-2(a)(1).

36.     Between approximately August 2021 and October 2021, VARAS was subjected to disparate treatment by ARTEZA because of his sex/gender, Male, by, *inter alia*, Defendant: (a) paying VARAS less wages because he was a Male HR employee in comparison to similarly situated Female HR employees such as Andrea Staley; (b) denying VARAS's application in August 2021 to become Human Resources Business Partner for ARTEZA because of Plaintiff's sex/gender, Male, a promotion which entailed a loss to Plaintiff of approximately $75,000 per year in base salary; and (c)  terminating VARAS's employment on October 21, 2021 because of Plaintiff's sex/gender, Male, in violation of 42 U.S.C. §2000e-2(a)(1).

37.     ARTEZA's disparate treatment of VARAS was so severe and pervasive that it altered, the terms, conditions, and privileges of VARAS's employment with Defendant culminating with the termination of Plaintiff's employment in October 2021.

38.     On October 21, 2021, ARTEZA terminated VARAS's employment because of Plaintiff's sex/gender, Male, in violation of 42 U.S.C. §2000e-2(a)(1).

39.     A motivating factor behind ARTEZA's termination of VARAS's employment in October 2021 was Plaintiff's sex/gender, Male, in violation of 42 U.S.C. §2000e-2(a)(1).

40.     ARTEZA's management knew between at least June 2021 and October 2021 that Federal and State law prohibited sex/gender discrimination against VARAS because he was a Male HR employee but Defendant nonetheless willfully and intentionally subjected VARAS to unlawful disparate treatment and discrimination because of Plaintiff's sex/gender, Male, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

41.     ARTEZA's violations of Title VII were intentional and were done with malice and reckless disregard for VARAS's rights as guaranteed under the laws of the United States.

42.     VARAS has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of ARTEZA's violations of 42 U.S.C. §2000e-2(a)(1).

43.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), VARAS is entitled to recover his reasonable attorneys' fees and costs from ARTEZA.

WHEREFORE, Plaintiff, KENNETH VARAS, demands judgment against Defendant, ARTEZA. INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.*

Plaintiff, KENNETH VARAS, reasserts and reaffirms the allegations of Paragraphs 1 through 34 as if fully set forth herein and further states that this is an action against ARTEZA. INC., for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

44.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

45.     When VARAS applied to ARTEZA's CFO, Michael Pacifico, in August 2021 for Plaintiff to become Human Resources Business Partner for Defendant, VARAS engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

46.     ARTEZA intentionally retaliated against VARAS in October 2021 by terminating Plaintiff's employment on October 21, 2021 following Defendant's previous denial of VARAS's application to become a Human Resources Business Partner for ARTEZA, in violation of 42 U.S.C. §2000e-3(a).

47.     The fact that VARAS engaged in activity protected by Title VII was a motivating factor in ARTEZA's termination of Plaintiff's employment in October 2021, in violation of 42 U.S.C. §2000e-3(a).

48.     ARTEZA's management knew between at least August 2021 and October 2021 that Federal law prohibited both (a) sex/gender discrimination against VARAS because he was a Male HR employee and (b) retaliation against VARAS because he exercised his rights as a Male employee, but Defendant nonetheless willfully and intentionally subjected VARAS to retaliation in violation of 42 U.S.C. §2000e-3(a) when Defendant terminated Plaintiff's employment in October 2021.

49.     ARTEZA's unlawful retaliation against VARAS was intentional and done with malice and reckless disregard for VARAS's rights as guaranteed under Title VII.

50.     As a direct and proximate result of ARTEZA's unlawful retaliation against VARAS, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendant's violations of 42 U.S.C. §2000e-3(a).

51.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), VARAS is entitled to recover his reasonable attorneys' fees and costs from ARTEZA.

WHEREFORE, Plaintiff, KENNETH VARAS, demands judgment against Defendant, ARTEZA. INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT III
### SEX/GENDER DISCRIMINATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, KENNETH VARAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 34 above and further states that this is an action against ARTEZA. INC. for sex/gender discrimination in violation of Florida Statutes §760.10(1).

52.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . ." F.S. §760.10(1)(a).

53.     At all times material to this action, VARAS has been an aggrieved person within the meaning of F.S. §760.02(10).

54.     Between approximately August 2021 and October 2021, VARAS was subjected to disparate treatment by ARTEZA because of his sex/gender, Male, by, *inter alia*, Defendant: (a) paying VARAS less wages because he was a Male HR employee in comparison to similarly situated Female HR employees such as Andrea Staley; (b) denying VARAS's application in August 2021 to become Human Resources Business Partner for ARTEZA because of Plaintiff's

sex/gender, Male, a promotion which entailed a loss to Plaintiff of approximately $75,000 per year in base salary; and (c) terminating VARAS's employment on October 21, 2021 because of Plaintiff's sex/gender, Male, in violation of F.S. §760.10(1).

55.    ARTEZA's disparate treatment of VARAS was so severe and pervasive that it altered, the terms, conditions, and privileges of VARAS's employment with Defendant culminating with the termination of Plaintiff's employment in October 2021.

56.    On October 21, 2021, ARTEZA terminated VARAS's employment because of Plaintiff's sex/gender, Male, in violation of F.S. §760.10(1).

57.    A motivating factor behind ARTEZA's termination of VARAS's employment in October 2021 was Plaintiff's sex/gender, Male, in violation of F.S. §760.10(1).

58.    ARTEZA's management knew between at least June 2021 and October 2021 that Florida State law prohibited sex/gender discrimination against VARAS because he was a Male HR employee but Defendant nonetheless willfully and intentionally subjected VARAS to unlawful disparate treatment and discrimination because of Plaintiff's sex/gender, Male, in violation of the FCRA, F.S. §760.10(1).

59.    ARTEZA's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for VARAS's rights as guaranteed under the laws of the State of Florida, such that VARAS is entitled to punitive damages against Defendant pursuant to F.S. §760.11(5).

60.    VARAS has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of ARTEZA's violations of F.S. §760.10(1).

61.     VARAS has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's violations of F.S. §760.10(1).

62.     Pursuant to F.S. §760.11(5), VARAS is entitled to recover his reasonable attorneys' fees and costs from ARTEZA as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, KENNETH VARAS, demands judgment against Defendant, ARTEZA. INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, KENNETH VARAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 34 above and further states that this is an action against ARTEZA. INC. for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

63.     Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

64.     At all times material to this action, VARAS has been an aggrieved person within the meaning of F.S. §760.02(10).

65.     When VARAS applied to ARTEZA's CFO, Michael Pacifico, in August 2021 for Plaintiff to become Human Resources Business Partner for Defendant, VARAS engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7)

66.     ARTEZA intentionally retaliated against VARAS in October 2021 by terminating Plaintiff's employment on October 21, 2021 following Defendant's previous denial of VARAS's application to become a Human Resources Business Partner for ARTEZA, in violation of F.S. §760.10(7).

67.     The fact that VARAS engaged in activity protected by Title VII was a motivating factor in ARTEZA's termination of Plaintiff's employment in October 2021, in violation of F.S. §760.10(7).

70.     ARTEZA's management knew between at least August 2021 and October 2021 that Federal law prohibited both (a) sex/gender discrimination against VARAS because he was a Male HR employee and (b) retaliation against VARAS because he exercised his rights as a Male employee, but Defendant nonetheless willfully and intentionally subjected VARAS to retaliation in violation of F.S. §760.10(7) when Defendant terminated Plaintiff's employment in October 2021.

71.     ARTEZA's unlawful retaliation against VARAS was intentional and done with malice and reckless disregard for VARAS's rights as guaranteed under the FCRA.

72.     As a direct and proximate result of ARTEZA's unlawful retaliation against VARAS, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendant's violations of F.S. §760.10(7).

73.     Defendant's violations of §760.10 were intentional and were done with malice and reckless disregard for VARAS's rights as guaranteed under the laws of the State of Florida

through the Florida Civil Rights Act, such that VARAS is entitled to punitive damages against VARAS pursuant to F.S. §760.11(5).

74.     Pursuant to F.S. §760.11(5), VARAS is entitled to recover his reasonable attorneys' fees and costs from ARTEZA as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, KENNETH VARAS, demands judgment against Defendant, ARTEZA. INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT V – WAGE VIOLATIONS OF THE EQUAL PAY ACT

Plaintiff, KENNETH VARAS, reasserts and reaffirms the allegations of Paragraphs 1 through 34 as if fully set forth herein and further states that this is an action against ARTEZA, INC., for violations of the Equal Pay Act, 29 U.S.C. §206 *et seq*.

75.     The Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* applies to employers and enterprises engaged in interstate commerce including not for profit organizations such as ARTEZA.  29 U.S.C. §§203(d), (s)(1)(B) and (s)(1)(C).

76.     The Equal Pay Act (EPA) is incorporated into the FLSA at 29 U.S.C. §206 and provides:

> "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex/gender by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex/gender in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to
> (i) a seniority system;

(ii) a merit system;

(iii) a system which measures earnings by quantity or quality of production; or

(iv) a differential based on any other factor other than sex/gender: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

29 U.S.C. §206(d)(1).

77.     Between approximately June 2021 and October 2021, VARAS performed the following job for ARTEZA: Human Resources (HR) Generalist.

78.     Between approximately June 2021 and October 2021, VARAS's performance of his assigned duties for ARTEZA in the position of HR Generalist required Plaintiff to exercise similar skill, effort, and responsibility as Female HR employees—including but not necessarily Andrea Staley—who were similarly situated and/or performed the same or similar positions and/or duties.

79.     Between approximately June 2021 and October 2021, ARTEZA willfully paid VARAS less wages than similarly situated Female employees of Defendant—including but not necessarily limited to Andrea Stanley—because of Plaintiff's sex/gender, Male, for equal work which Plaintiff performed for Defendant, in violation of 29 U.S.C. §206(d)(1).

80.     Between approximately June 2021 and October 2021, ARTEZA willfully violated the EPA-FLSA, 29 U.S.C. §206(d)(1), by intentionally paying VARAS less wages than similarly situated Female employees of Defendant, because of Plaintiff's sex/gender, Male, for equal work which Plaintiff performed for ARTEZA in comparison to similarly situated Female HR employees of Defendant.

81.     ARTEZA's violations of VARAS's rights under 29 U.S.C. §206(d)(1) were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States of America.

82.     VARAS has suffered a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of ARTEZA's violations of 29 U.S.C. §206(d)(1).

83.     With every pay period that occurred between approximately June 2021 and October 2021, ARTEZA paid Plaintiff less wages than similarly situated Female employees of Defendant, in violation of 29 U.S.C. §206(d)(1).

84.     Each paycheck VARAS received from ARTEZA between approximately June 2021 and October 2021 constituted a current and/or continuing violation of the EPA-FLSA.

85.     Pursuant to 29 U.S.C. §216(b), VARAS is entitled to an award of liquidated damages from ARTEZA in an amount equal to all wages, salary, and other compensation wrongfully denied to or lost by Plaintiff by reason of Defendant's violations of 29 U.S.C. §206(d)(1).

86.     VARAS has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from ARTEZA all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the EPA-FLSA.

WHEREFORE, Plaintiff, KENNETH VARAS, demands judgment against Defendant, ARTEZA. INC., for back pay, employment benefits, other compensation including bonuses, liquidated damages, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## <u>JURY TRIAL DEMAND</u>

KENNETH VARAS demands trial by jury on all issues so triable.

Dated:  September 30, 2022                   Respectfully submitted,

By:     **<u>s/KEITH M. STERN</u>**
        Keith M. Stern, Esquire
        Florida Bar No. 321000
        E-mail:  employlaw@keithstern.com
        LAW OFFICE OF KEITH M. STERN, P.A.
        80 S.W. 8th Street, Suite 2000
        Miami, Florida 33130
        Telephone:  (305) 901-1379
        Facsimile:  (561) 288-9031
        Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

Florida Commission on Human Relations _____ and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Kenneth Varas | (551) 221-7470 | 5/25/1988 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2780 NE 183rd Street, Apt. 1607 | Aventura, Florida 33160 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Arteza Inc. | 15+ | (888) 905-0706 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1801 NE 123rd Street, Suite 400 | North Miami Beach, Florida 33181 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____  Latest: Oct 21, 2021

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s):*)

In February 2021, Respondent hired me as a Human Resources (HR) Generalist based upon a salary of $75,000 per year plus benefits. At the time I began working for Respondent in March 2021, I reported to Heather Toro, Respondent's Director of Human Resources. Between March 2021 and October 2021, I satisfactorily performed my essential duties as HR Generalist for Respondent.

In or around June 2021, Respondent hired Andrea Stanley as HR Manager based upon a salary of approximately $120,000 per year.

In August 2021, Heather Toro left her employment with Respondent and I applied to Respondent's Chief Financial Officer, Michael Pacifico, to become a Human Resources Business Partner, a position for which I was qualified and which paid almost twice my annual salary as an HR Generalist. However, Respondent rejected my application to become a Human Resources Business Partner, and in or around August 2021 I overheard members of Respondent's executive management team make disparaging statements about how they believed men should not be working in Human Resources and that women should handle Human Resources jobs.

On October 21, 2021, Andrea Stanley notified me that Respondent was terminating my employment and after I questioned why I was being terminated when my performance had been satisfactory, Ms. Stanley had no answer. Moreover, when I pressed Ms. Stanley on October 21st about whether Respondent's upper management didn't want a male employee in Human Resources, Ms. Stanley again had no answer but instead said that there had been a problem with FedEx losing an order of telephones several months earlier which Respondent claimed was my fault. Shortly after I was fired, I learned that Respondent had hired a female employee as a Human Resources Business Partner even though I'd been told by Ms. Stanley earlier in October 2021 (prior to my termination)--when I'd communicated to Ms. Stanley my renewed efforts to become a Human Resources Business Partner, which were rejected by Respondent a second time--that Respondent was not looking to hire a Human Resources Business Partner at all.

I believe Respondent subjected me to disparate treatment and discrimination because of my sex/gender, male, and retaliated against me because I objected to sex/gender discrimination and I exercised my rights, all in violation of Title VII of the Civil Rights Act and Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State or Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 11/11/2021 *Kenneth Varas* Kenneth Varas (Nov 11, 2021 18:43 EST) | |
| Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/25/2022

**To:** Kenneth Varas
c/o Keith Stern, Esq.
Law office of Keith M. Stern
80 S.W. 8th Street, Suite 2000
Miami, FL 33130

Charge No: 15C-2022-00034

EEOC Representative and email:    FLORENCIO OCAMPO
Acting State & Local Coordinator
florencio.ocampo@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is terminating its processing of this charge. The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Roberto Chavez
07/25/2022

Roberto Chavez
Acting Director

**Arteza, Inc.**
c/o Jacob K. Auerbach, Esq.
Gallup Auerbach
4000 Hollywood Blvd., Suite 265 South
Hollywood, FL 33021

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 15C-2022-00034 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.